NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4576
_____

UNITED STATES OF AMERICA

v.

ERIC CHAMBERS,
                              Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 1-02-cr-00114-001)
District Judge: Honorable William W. Caldwell

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 7, 2014

Before: SMITH, VANASKIE, and SHWARTZ, *Circuit Judges*

(Filed: September 16, 2014)
_____

OPINION
_____

VANASKIE, *Circuit Judge.*

Appellant Eric Chambers filed a pro se notice of appeal seeking unspecified relief

from the District Court's revocation of his supervised release and accompanying sentence

of 24 months' imprisonment. We appointed counsel, who has moved to withdraw

pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that all potential grounds

for appeal are frivolous. For the reasons that follow, we will grant the motion to withdraw and affirm the judgment of the District Court.

I.

In May 2003, Chambers was convicted of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and sentenced to 96 months' imprisonment followed by 3 years of supervised release. Chambers was released from prison in 2009 and began his term of supervised release at that time. In September 2011, Chambers was implicated in a shooting outside a nightclub in Dauphin County, Pennsylvania. He evaded authorities until January 2012, when he was arrested in possession of a loaded firearm.

Dauphin County officials charged Chambers with attempted homicide in connection with the September 2011 shooting. He was convicted after a jury trial, *see* Appellee's Br. at 4 n.1, and in May 2013, he was sentenced to 20 to 40 years in prison for attempted homicide, to be followed by a consecutive 5-to-10-year sentence for possession of a firearm by a prohibited person. (App. 31–32.) Separately, Chambers was indicted by federal authorities under 18 U.S.C. § 922(g)(1) for possession of the aforementioned firearm in January of 2012. He was again convicted after a jury trial. On November 13, 2013, the same day as the revocation proceeding at issue here, the District Court found that Chambers qualified as an armed career criminal under 18 U.S.C. § 924(e) and sentenced him to 200 months' imprisonment and 5 years of supervised release.

Chambers's appeal from that judgment remains pending before this Court at docket number 13-4577.

On November 7, 2013, the United States Probation Office initiated revocation proceedings against Chambers on the grounds that these convictions constituted a violation of a "General Condition" of Chambers's supervised release: namely, that he "shall not commit another federal, state or local crime." (App. 31.) Chambers, whose criminal history category was VI, initially faced a Guidelines range of 33 to 41 months. *See* U.S.S.G. § 7B1.4(a). However, because the offense that resulted in the term of supervised release at issue, i.e., the 2003 conviction under § 922(g), is a class C felony, Chambers faced a statutory maximum of 24 months on the revocation, *see* 18 U.S.C. § 3583(e)(3), which is what the Probation Office ultimately recommended.

At the hearing on November 13, 2013, Chambers's counsel did not contest the basis for the revocation. Instead he argued that any additional consecutive term of imprisonment would be excessive. (App. 51.) The District Court, noting that it had "considered all [the] statements and the information contained in the violation petition and dispositional report," imposed a sentence of 24 months' imprisonment to be served consecutively to the aforementioned state and federal sentences. (App. 52.) Chambers filed a timely appeal.

## II.

The District Court had jurisdiction over this case under 18 U.S.C. §§ 3231 and 3583(e). We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

3

Counsel may seek to withdraw from representation if, "after a conscientious examination" of the record, *Anders*, 386 U.S. at 744, he or she is "persuaded that the appeal presents no issue of even arguable merit." 3d Cir. L.A.R. 109.2(a). If we concur with this assessment, we "will grant counsel's *Anders* motion, and dispose of the appeal without appointing new counsel." *Id.*

When presented with an *Anders* brief, our inquiry is two-fold: "(1) whether counsel adequately fulfilled [Rule 109.2(a)'s] requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). The *Anders* brief must "satisfy the court that counsel has thoroughly examined the record in search of appealable issues," and also "explain why the issues are frivolous." *Id.* While "[c]ounsel need not raise and reject every possible claim[,] . . . at a minimum, he or she must meet the 'conscientious examination' standard set forth in *Anders*." *Id.* If we find that "the *Anders* brief initially appears adequate on its face," in the second step of our analysis we will "confine our scrutiny to those portions of the record identified by . . . [the] *Anders* brief," as well as "those issues raised in Appellant's *pro se* brief." *Id.* at 301.

Counsel here identifies three potentially appealable issues: (1) the jurisdictional basis for the District Court's revocation; (2) the adequacy of the Government's proof of the violations; and (3) the reasonableness of the sentence. Chambers has not submitted a brief on his own behalf. Our independent review of the record confirms that there are no non-frivolous issues for appeal.

4

III.

A. The District Court's Jurisdiction

Because the conduct underlying Chambers's 2003 federal conviction occurred within the Middle District of Pennsylvania, the District Court had jurisdiction under 18 U.S.C. § 3231. In connection with Chambers's sentence in that matter, the District Court had the authority both to impose and revoke a term of supervised release under 18 U.S.C. § 3583. Accordingly, there is no basis for a challenge to the Court's jurisdiction.

B. Sufficiency of Proof of the Supervised Release Violation

Before revoking a term of supervised release, the district court must "find[] by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3). As noted by Chambers's counsel at the time of sentencing, it was uncontested that Chambers had been convicted of serious state and federal offenses during his period of supervised release. (App. 51 (acknowledgement by Chambers's counsel that "we obviously cannot have any argument about the Grade A violation in the revocation.")). We agree with counsel that any challenge to the evidentiary support for Chambers's revocation would have been meritless.

C. Reasonableness of the Revocation Sentence

We review sentences for procedural and substantive reasonableness, and the party challenging the sentence bears the burden of demonstrating unreasonableness. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc). First, we examine the record for significant procedural errors "such as failing to calculate (or improperly

calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007). Here, the District Court correctly noted that Chambers faced a maximum term of imprisonment of 24 months, which was in fact below the advisory Guidelines range. The record of the November 13, 2013 proceeding further reflects that the Court adequately considered the § 3553(a) factors, including the nature of Chambers's violation and Chambers's long criminal history. (App. 48–49.) Accordingly, we conclude that Chambers's sentence was procedurally sound.

If no procedural errors exist, we consider the substantive reasonableness of the sentence. *Gall*, 552 U.S. at 51. The District Court "must demonstrate that it reasonably applied [the § 3533(a)] factors to the circumstances of the case." *United States v. Bungar*, 478 F.3d 540, 543 (3d Cir. 2007). Our review is "highly deferential." *Id.* "[U]nless no reasonable sentencing court would have imposed the same sentence," we affirm. *Tomko*, 562 F.3d at 568. We have also noted that when a sentence at issue is for a violation of the conditions of supervised release, that sentence must "primarily . . . sanction the defendant's breach of trust 'while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator.'" *Bungar*, 478 F.3d at 544 (quoting *United States v. Dees*, 467 F.3d 847, 853 (3d Cir. 2006)). Imposition of a consecutive sentence, although not mandatory, falls within the

6

district court's discretion. *See* 18 U.S.C. § 3584(a); *United States v. Swan*, 275 F.3d 272, 281–82 (3d Cir. 2002).

At the November 13, 2013 hearing, in connection with sentencing Chambers on his violation of § 922(g), the District Court noted that Chambers was a repeat felony offender with a history of firearms-related offenses and a recent conviction for attempted homicide. The Court found that Chambers had "shown no respect for the law generally and no respect for society in his adult life," and further found that "recidivism is likely in this case," given that Chambers "has been undeterred by previous periods of incarceration." (App. 48.) In light of these factors, which were equally as applicable to Chambers's sentencing on his revocation of supervised release as they were to his sentencing on the firearms charge, the imposition of a consecutive sentence of 24 months' imprisonment was not substantively unreasonable.

## IV.

In conclusion, we find that counsel's *Anders* brief reflects a conscientious examination of the record. Our independent review confirms that there are no non-frivolous grounds for appeal. We will grant counsel's motion to withdraw and affirm the judgment of the District Court.